IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-533-FL

| | | |
|---|---|---|
| GARY W. BATCHELOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 21, 24).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") (DE 26) wherein he recommends that the court deny plaintiff's motion, grant defendant's motion, and uphold the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed objection to the M&R, and issues raised are ripe for ruling. For the reasons that follow, the court sustains plaintiff's objection and declines to adopt the M&R in full.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

## BACKGROUND

On May 15, 2008, plaintiff filed an application for disability insurance benefits and supplemental security income, alleging a disability onset date of December 31, 2006. A hearing was held before an Administrative Law Judge ("ALJ"), who determined that plaintiff was not disabled in a decision dated March 24, 2010. The Appeals Council denied plaintiff's request for review on August 9, 2011. Plaintiff filed his complaint in this court on October 4, 2011, seeking review of the final administrative decision.

A detailed summary of the procedural and factual history of the case is found in the M&R. See M&R 3-10. Where plaintiff does not object to this portion of the M&R, the factual history of the case as set forth in the M&R is incorporated here by reference.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate

2

Case 5:11-cv-00533-FL   Document 28   Filed 04/29/13   Page 2 of 6

a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 31, 2006. The ALJ then found at step two that plaintiff had the following severe impairments: depression/bipolar disorder, substance dependence, degenerative disc disease, and obesity. However, at step three the

3

ALJ further determined that these impairments were not sufficiently severe to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff had the ability to perform a limited range of light work. At step four, the ALJ found that plaintiff was unable to perform any past relevant work. However, at step five, upon considering plaintiff's age, education, work experience, and RFC, as well as testimony of a Vocational Expert ("VE"), the ALJ concluded that, if plaintiff ceased his substance abuse, jobs exist in significant numbers in the national economy that plaintiff could perform. The ALJ therefore concluded that plaintiff had not been under a disability, as defined in the Social Security Act, from December 31, 2006.

B.  Analysis

Plaintiff raises a single objection to the M&R, arguing that the ALJ's failure to discuss a finding by the North Carolina Department of Health and Human Services ("NCDHHS") was not harmless error, but rather requires remand. While the Social Security regulations provide that decisions by other governmental agencies regarding a person's disability are not binding on the Commissioner, 20 C.F.R. § 404.1504, under Social Security Ruling 06-03p ("SSR 06-03p"), the Commissioner is "required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies." SSR 06-03p, 2006 WL 2329939 at *6. Accordingly, "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." Id.

4

"A procedural error is not made harmless simply because the aggrieved party appears to have had little chance of success on the merits anyway." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 546 (6th Cir. 2004) (quotations omitted). Explicit consideration of relevant evidence is important as a reviewing court "cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence." Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

This court has repeatedly held that where an ALJ fails to mention disability determinations by other governmental agencies, this constitutes error necessitating remand to the Commissioner for further consideration and explanation. See Suggs v. Astrue, 4:11–CV–128–FL, 2013 WL 466406 (E.D.N.C. Feb. 7, 2013) Alexander v. Astrue, 5:09–CV–432–FL, 2010 WL 4668312 (E.D.N.C. Nov. 5, 2010); Walton v. Astrue, 7:09–CV–112–D, 2010 WL 2772498 (E.D.N.C. July 9, 2010); Watson v. Astrue, 5:08–CV–553–FL, 2009 WL 2423967 (E.D.N.C. Aug. 6, 2009). Accordingly the ALJ's failure to discussion the disability determination by the NCDHHS requires remand.

The Fourth Circuit's recent decision in Garner v. Astrue, 436 F. App'x 224, (4th Cir. 2011) does not compel a different conclusion. In Garner, the Fourth Circuit applied, for the first time, the harmless error standard laid down the by Supreme Court in Shinseki v. Sanders, 556 U.S. 396 (2009) to a Social Security case. Garner thus indicates the Shinseki harmless error standard is applicable to Social Security cases. This court, however, has previously held that failure to consider an NCDHHS decision, and state what weight, if any, that decision played in the ALJ's analysis was not harmless error. See Alexander, 2010 WL 4668312 at *4 (Failure to consider NCDHHS decision was not harmless because "the NCDHHS decision in this case is at least probative as that agency applie[s] the same rules [as the Commissioner in determining disability] yet reached the opposite

5

result."). Thus, as in <u>Alexander</u>, the court concludes remand is appropriate to permit the ALJ to consider the NCDHHS decision and state what weight, if any, it is given in the ALJ's analysis. The court offers no view on the matter.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered reviewed of those portions of the M&R to which no such objection has been made, the court SUSTAINS plaintiff's objection, DECLINES to adopt the M&R in full, GRANTS plaintiff's motion for judgment on the pleadings (DE 21), DENIES defendant's motion for judgment on the pleadings (DE 24), and REMANDS this matter to the Commissioner for proceedings consistent with this order.

SO ORDERED this the 29TH day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge