IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-533-FL

| | | |
|---|---|---|
| GARY W. BATCHELOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on motion for attorney's fees filed by plaintiff's counsel, Mr. Rick W. Fleming, Esq., pursuant to 42 U.S.C. § 406(b)(1). Defendant has not responded. In this posture the matter is ripe for ruling.

**BACKGROUND**

In the underlying litigation, plaintiff challenged defendant's final decision as to disability benefits. Plaintiff filed a complaint in this court and defendant answered. Plaintiff filed a motion for judgment on the pleadings accompanied by a memorandum of law in support thereof. Defendant filed a motion urging the court to uphold the final decision. The court granted plaintiff's motion, ordering that the case be remanded back to defendant for further proceedings.

On August 16, 2013, the court awarded plaintiff $3,200.00 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On May 6, 2014, defendant issued a favorable decision approving plaintiff's application for benefits, withholding $29,687.98 from past due benefits, representing 25% of past due benefits payable to plaintiff's attorney. Plaintiff's counsel now seeks such amount withheld per plaintiff's representation agreement attached to the memorandum in support of the motion, minus $5,911.00 already paid for administrative work before

the Social Security Administration, resulting in total fee request of $23,776.98. In further support of the motion, counsel attaches the benefits award, and in the memorandum in support of the motion counsel states that he has represented plaintiff continuously since February 13, 2009, both before the Social Security Administration and this court. In his prior statement of time and billing attached to the EAJA motion, plaintiff documented 25.6 hours attorney time in this case. Counsel states that upon receipt of the § 406(b) fee award, counsel will reimburse to plaintiff the amount that counsel previously received as part of counsel's request for EAJA fees.

## DISCUSSION

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 % of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.A. § 406(b)(1)(A). The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in a particular case." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

"[A] reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (quoting Gisbrecht, 535 U.S. at 808). In reviewing the request for fees, a

2

"reviewing court should disallow 'windfalls for lawyers.'" Gisbrecht, 535 U.S. at 808 (quoting Rodriguez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989)).

Although there is no bright-line test for determining whether a fee will result in a "windfall," this court has considered several factors, including "(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." Perrigo v. Astrue, 5:08-CV-626-FL, 2012 WL 3903896 *4 (E.D.N.C. May 22, 2012) (quotations omitted); Abernathy v. Astrue, No. 4:08–CV–99–FL, 2011 WL 488657, at *2 (E.D.N.C. Feb. 7, 2011); see Mudd, 418 F.3d at 428 (identifying factors relevant to reasonableness as "the overall complexity of the case, the lawyering skill necessary to handle it effectively, the risks involved, and the significance of the result achieved in the district court.").

In this case, the court finds the fee reasonable based on consideration of all these factors. The fee is in line with the contingency-fee character of the representation and the results achieved, where counsel achieved a successful remand resulting in an award of benefits for plaintiff. Counsel did not unreasonably delay during the pendency of the case in court. The record evidences significant effort by counsel through pleadings which were not boilerplate, and through arguments which involved both real issues of material fact and required legal research. In addition, counsel evidences efficient handling of this case through experience in other social security case representation.

In sum, the court finds reasonable the $23,776.98. in fees requested in this case. Accordingly, plaintiff's counsel will be awarded fees in this amount where they fall within the statutory maximum of 25 % of the total benefits awarded, pursuant to 42 U.S.C. § 406(b). Where counsel was awarded prior EAJA fees, counsel will be required to "refund[] to the claimant the amount of the smaller fee," already received. Gisbrecht, 535 U.S. at 807.

**CONCLUSION**

For the foregoing reasons, plaintiff's counsel's motion for approval of attorney's fees is ALLOWED in the full amount requested of $23,776.98. The Commissioner shall release to plaintiff's counsel the sum of $23,776.98 as attorney's fees for services rendered before this court. Counsel shall refund to plaintiff $3,200.00, the amount awarded pursuant to EAJA.

SO ORDERED, this the 30th day of October, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge